UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ADAM COTTEN, by his guardian, FORRESTINE COTTEN, <br><br> Plaintiff, <br><br> v. <br><br> BRENDA HARVEY, Commissioner, MAINE DEPARTMENT OF HEALTH AND HUMAN SERVICES <br><br> Defendant. | ) ) ) ) ) ) Docket no. 1:10-cv-121-GZS ) ) ) ) ) ) ) ) |

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

Before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Docket # 4). Having reviewed the Motion as well as Plaintiff's Verified Complaint (Docket # 1) and the Affidavit of Dr. Sadvi Hosamane (Docket # 5), the Court hereby DENIES the Motion for Temporary Restraining Order and RESERVES RULING on the Motion for Preliminary Injunction.

The Court may grant the extraordinary remedy of a temporary restraining order "only if" the specific requirements of Federal Rule of Civil Procedure 65(b)(1) are met. Plaintiff's Motion does not satisfy these requirements. With respect to notice to the adverse party, the Certificate of Notice attached to Plaintiff's Motion indicates that, in fact, on March 31, 2010, efforts were made to notify a representative of the Maine Attorney General by phone, e-mail and first class mail. Thus, there is no attempt by Plaintiff to show that notice to Defendant should not be required. Moreover, the specific facts in Plaintiff's Motion do not show that Plaintiff will suffer immediate and irreparable injury "before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Rather, the Court believes that by setting an expedited schedule it can rule on the motion for preliminary injunction before Plaintiff would be "forced" to consider a nursing home placement. While Plaintiff has made an adequate preliminary showing that he "cannot be left alone and must be supervised at all times" (Hosamane Aff. ¶4), he has not shown that starting immediately on April 1, 2010, he will be left alone and unsupervised and that there are

no other short term options available to cover the 20 hours of Day Hab services that will no longer be paid for by MaineCare. Therefore, the Court hereby DENIES Plaintiff's Motion for a Temporary Restraining Order. Nonetheless, the facts laid out in Plaintiff's papers clearly require the Court to rule on his request for a preliminary injunction on an expedited basis.

Under these circumstances, the Court hereby ORDERS that Defendant shall file a response to Plaintiff's Motion for Preliminary Injunction (Docket # 4) no later than noon on April 5, 2010. Plaintiff may file a written reply no later than noon on April 6, 2010. The Court will hold an oral argument on the Motion on April 6, 2010 at 1 P.M. Until the Court has received the parties' expedited briefing and heard oral argument, it RESERVES RULING on Plaintiff's Motion for Preliminary Injunction.

Plaintiff's counsel is hereby directed to forward a copy of this Order to Defendant immediately upon receipt.

SO ORDERED.

    /s/ George Z. Singal
    United States District Judge

Dated this 1st day of April, 2010.